UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIM AMIN SALAHI,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALANNA Y. OW, et al.,<br><br>                    Defendants. | Case No. 21cv1333–LAB–JLB<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION [Dkt. 4]** |

Plaintiff Salim Amin Salahi filed this action for a writ of mandamus seeking to compel the adjudication of his Form I-485 Application for Adjustment of Status ("I-485"). He named the following individuals as Defendants: Alanna Y. Ow, District Director, U.S. Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas, Secretary of the Department of Homeland Security ("DHS"); and Merrick Garland, U.S. Attorney General (collectively, "Defendants"). Defendants now move to dismiss the complaint on the ground that the case is moot because USCIS denied Salahi's I-485 on May 18, 2022. (Dkt. 4). Salahi didn't oppose the motion. For the following reasons, the motion is **GRANTED**.

I.   **BACKGROUND**

Salahi, a native of Egypt and citizen of Jordan, was admitted to the United States on a F-1 student visa in January 1996. (Dkt. 1, Complaint ("Compl.") ¶ 1).

On April 22, 2009, Salahi married Lilyan Kahina Hassaine, a U.S. citizen, who filed a Form I-130 Petition for Alien Relative ("Spousal Petition") with USCIS on Salahi's behalf. (*Id*. ¶¶ 6–7). The Spousal Petition was approved. (*Id*. ¶ 8). Then, on November 29, 2019, Salahi filed a I-485 application for adjustment of status based on the approval of his prior Spousal Petition. (*Id*. ¶ 9). He was interviewed by USCIS on April 29, 2021. (*Id*. ¶ 11).

On July 24, 2021, Salahi commenced this action for a writ of mandamus, arguing that as of the date of the Complaint, USCIS had unlawfully withheld or unreasonably delayed the adjudication of his I-485 application. (*See generally* Compl.). He presently seeks an order from the Court compelling USCIS to adjudicate his I-485 application and process the case to its conclusion. (*Id*.). In response, Defendants filed a Motion to Dismiss the Complaint as moot because, since the filing of the Complaint, Salahi's I-485 application has been denied and the Court therefore lacks subject matter jurisdiction over the case. (Dkt. 4). Salahi did not file a response.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power "authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto." *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction bears the burden of proof that jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*,

227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted).

## III.  DISCUSSION

Defendants argue that the case is moot because USCIS has adjudicated Salahi's I-485 application.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 89–90 (2013); *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation and quotation marks omitted). A plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Defendants contend that Salahi's application was denied, and thus fully adjudicated, in May 2022. In support, Defendants attach the decision issued by the USCIS. (*See* Dkt. 4-1). It states that, in reaching its decision, USCIS reviewed Salahi's April 29, 2021 interview testimony and the evidence supporting Salahi's application, and considered various factors, including but not limited to, Salahi's criminal history, community standing, moral character, and immigration history. (*Id*. at 2). USCIS ultimately concluded that Salahi has "not met the burden of demonstrating to USCIS that [he] warrant[s] a favorable exercise of discretion," and that he's not "eligible for adjustment under INA 245." (*Id*. at 4). The decision

cannot be appealed, but Salahi could have filed a motion to reopen or reconsider his application within thirty days of the issuance of the decision. (*Id.* at 5).

Salahi doesn't dispute that his application was denied, nor does he suggest that a motion to reopen or reconsider his application is currently pending. In fact, he doesn't respond to Defendants' motion at all, which alone should warrant dismissal of this action. *See* CivLR 7.1(f)(3)(C) (failure to file an opposition to a motion "may constitute a consent to the granting of a motion or other request for ruling by the Court"); *see also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.3 (9th Cir. 2005) (holding that plaintiff "abandoned her other two claims by not raising them in opposition to the [defendant]'s motion for summary judgment"); *Larson-Valentine v. Travelers Com. Ins. Co.*, No. 19CV1209-GPC(AGS), 2019 WL 3766562, at *1 (S.D. Cal. Aug. 9, 2019) ("Plaintiff did not file an opposition. Therefore, Plaintiff's failure to oppose constitutes a waiver or abandonment of the issues raised in Defendant's motion.").

Regardless, Salahi's mandamus claim is moot because there is no other relief that this Court can provide. *Lewis*, 494 U.S. at 477; *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed.") (citations omitted); *see also Akimenko v. Mayorkas*, No. 21-CV-03738-DMR, 2022 WL 1539519, at *4 (N.D. Cal. May 16, 2022) ("USCIS adjudicated the I-485 application and it is no longer pending. Therefore, his request for a writ of mandamus compelling Defendants to act on the application is moot.")

IV.  **CONCLUSION**

Defendants' motion to dismiss the complaint is **GRANTED** and Salahi's Complaint for a writ of mandamus is **DISMISSED**. Because leave to amend may be denied where, as here, the amendment would be futile or the amended

complaint would be subject to dismissal, the Court **DENIES** Salahi leave to amend.

The Clerk of Court is directed to terminate this case.

**IT IS SO ORDERED.**

Dated: August 4, 2022

*[signature]*

Honorable Larry Alan Burns
United States District Judge